[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15310
Non-Argument Calendar

_____

D.C. Docket No. 2:13-cv-01581-AKK

RENEE PUGH,

Plaintiff-Appellant,

versus

EL PASO CORPORATION PENSION PLAN,
PENSION COMMITTEE OF EL PASO CORPORATION PENSION PLAN,
THE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 17, 2015)

Before TJOFLAT, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Renee Pugh appeals the grant of summary judgment for Defendants in this Employee Retirement Income Security Act case. Pugh made a claim for a survivor's benefit after the death of her ex-husband, who was a participant in Defendants' retirement plan. Defendants denied Pugh's claim because the benefit was due only to surviving spouses, and Pugh and her husband had divorced shortly before his death. The district court affirmed Defendants' denial of the claim. We affirm.

Renee Pugh's then-husband was a participant in the El Paso Corporation Pension Plan, under which he received retirement benefits beginning in 1987. They divorced in 2011, and he died less than eight months later. After her ex-husband's death, Pugh made a claim for a "Retiree Survivor's Benefit." El Paso denied the claim. Pugh sued, and the district court granted summary judgment for El Paso.

We review de novo the district court's affirmance of El Paso's decision to deny benefits under the plan, and we apply the same legal standards. See Blankenship v. Metro. Life Ins. Co., 644 F.3d 1350, 1354 (11th Cir. 2011) (per curiam). We apply, as the district court did, a six-part analytical framework to review El Paso's denial of benefits:

> (1) Apply the de novo standard to determine whether the claim administrator's [i.e., El Paso's] benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.

2

(2) If the administrator's decision in fact is "<u>de novo</u> wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.

(3) If the administrator's decision is "<u>de novo</u> wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).

(4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.

(5) If there is no conflict, then end the inquiry and affirm the decision.

(6) If there is a conflict, the conflict should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious.

<u>Id.</u> at 1355. Pugh admits that El Paso was vested with discretion (step 2), and that there was no conflict of interest (step 4). But she disputes the district court's conclusions that El Paso's decision was not "de novo wrong" (step 1), and, alternatively, that it was supported by reasonable grounds and thus not arbitrary and capricious (step 5). We see no need to decide whether El Paso's decision was "de novo wrong"; either way, because it was not arbitrary and capricious, El Paso was entitled to summary judgment.

The retirement plan owes the Retiree Survivor's Benefit only to, as relevant here, an "Eligible Spouse." The plan defines "Eligible Spouse" as:

The husband or wife of a deceased Participant, who (i) was married to the Participant under the laws of the State where the marriage was contracted at least one year prior to the date of his death, (ii) is not a party to a court action for judgment of separation or decree of divorce

3

pending at the time of the Participant's death, and (iii) subsequent to the Participant's death has not remarried.

The crux of this dispute concerns the correct interpretation of clause (i). Pugh reads it to define "Eligible Spouse" as one who was married to the plan participant for <u>any</u> one-year period before his death. El Paso, in denying her claim, read the clause to include only those spouses married to the plan participant for the one-year period <u>immediately preceding</u> the participant's death. Pugh qualifies as an Eligible Spouse under her reading, but not under El Paso's: she was married to her husband for many years, but they divorced some seven months before he died.

We agree with the district court that El Paso's interpretation was supported by reasonable grounds. Most notably, if Pugh's interpretation were accepted, it would create incongruous outcomes. For one, the plan could owe this benefit to any number of ex-spouses who had been married to the plan participant for at least a year (and are neither presently a party to a divorce proceeding nor remarried).[1] For another, it would lead to absurd results with respect to clause (ii), because it would confer this benefit on ex-spouses but deny it to current spouses involved in divorce proceedings with the plan participant. Imagine a participant who was

---

[1] Pugh argues that this could never happen, because the plan's definition of the term "Spouse" eliminates the possibility of payment to multiple "Eligible Spouses." [**See Bl. Br. 20.**] But the plan provides that the relevant benefit is owed to "Eligible Spouses," a term that is explicitly defined without reference to the general definition of "Spouse" to which Pugh points. The term "Spouse" defines eligibility only for other benefits not relevant here. The definition of the term "Spouse" thus plays no part in the determination of who is an "Eligible Spouse," and whatever limitations the former contains cannot affect the latter.

4

married to her first husband for at least one year, and who was divorcing her second husband (also of at least one year) at the time of her death.  The first husband would qualify for the Retiree Survivor's Benefit as an Eligible Spouse (because they were married for at least one year and he <u>was not</u> at that time a party to a divorce proceeding), but the second husband would not qualify (because he <u>was</u> a party to a divorce proceeding).  That, as El Paso explained, "makes no sense" and "is not contemplated by the Plan."

El Paso's interpretation of the definition of "Eligible Spouse" is reasonable. And because it is vested with discretion to interpret the terms of the plan, its reasonable interpretation must be afforded deference.  <u>See</u> <u>White v. Coca-Cola Co.</u>, 542 F.3d 848, 856 (11th Cir. 2008) (explaining that where a plan provision is ambiguous, the plan administrator's interpretation must be upheld "[a]s long as a reasonable basis appears" for its interpretation (quotation omitted)).

**AFFIRMED.**

5